**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSHUA ROBIN D.,

Plaintiff,

v. 5:25-cv-00609 (AMN/ML)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**JUSTIN M. GOLDSTEIN LAW, PLLC** **JUSTIN M. GOLDSTEIN, ESQ.**
38 Pond Valley Circle
Penfield, NY 14526
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION** **VERNON NORWOOD, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

## I. INTRODUCTION

On May 14, 2025, Plaintiff Joshua Robin D.[1] commenced this action pursuant to 42 U.S.C. § 3183(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

security income benefits under the Social Security Act. Dkt. No. 1. Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 3, 6.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on July 24, 2026, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 16, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 20, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 29 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 21.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

On August 18, 2026, Plaintiff's counsel filed a suggestion of death indicating that Plaintiff had died on June 28, 2026. Dkt. No. 30 ("Suggestion of Death"). The next day, Plaintiff's counsel filed an unopposed motion to substitute Plaintiff for his successor, Virginia Davies, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. Dkt. No. 31 ("Motion to Substitute").

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and grants the Motion to Substitute in part and denies it in part.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

### A. The Report-Recommendation

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Lovric concluded that the findings of the Administrative Law Judge ("ALJ") in this matter are unsupported by substantial evidence because the ALJ improperly relied upon his own lay opinion of Plaintiff's diabetes and diabetes management in place of a qualified medical opinion. *See* Dkt. No. 29 at 12-16. To determine whether an individual is entitled to disability benefits, under step four of the five-step analysis, the Commissioner must determine "whether the claimant can perform any of their past relevant work based on an assessment of the claimant's 'residual functional capacity.'" *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 67-68 (2d Cir. 2025) (quoting 20 C.F.R. § 416.920(a)(4)(iv)). Magistrate Judge Lovric noted that the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "less than the full range of light work" as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) because he

> [could] occasionally lift 20 pounds, [could] frequently lift 10 pounds, [could] stand or walk for about 4 hours in an 8 hour workday, can sit for about 6 hours in an 8

> hour workday, [could] frequently kneel, crouch, and crawl, [and could] frequently finger and handle with the bilateral upper extremities," but had to avoid certain other hazards.

Dkt. No. 29 at 6 (citing Dkt. No. 10-2 at 16-19). Magistrate Judge Lovric found that the ALJ reached this determination by relying on his own lay assessment of the limitations Plaintiff faced due to his poorly controlled diabetes and associated neuropathy. Dkt. No. 29 at 13. Magistrate Judge Lovric further noted that the ALJ focused on Plaintiff's failure to monitor his blood sugar, follow his physician's dietary restrictions, or obtain specialized care, without considering record evidence that these failures may have been attributable to Plaintiff's difficulties in operating his continuous glucose monitor, arranging transportation to appointments, and finding an endocrinologist who accepted his health insurance. *Id.* at 14-15. Additionally, Magistrate Judge Lovric noted that the ALJ had apparently concluded, based upon his personal opinions and without support from medical opinion evidence, that Plaintiff's functional limitations were attributable to his poor self-care and not his impairments. *Id.* at 15.

Magistrate Judge Lovric found that the ALJ's reliance on lay reasoning subverted the administrative process. *Id.* at 15-16 (citing *Andino v. Bowen*, 665 F. Supp. 186, 191 (S.D.N.Y. 1987); *Michael J. L. v. O'Malley*, No. 1:23-CV-0315 (GTS/DJS), 2024 WL 3738069, at *3 (N.D.N.Y. Aug. 9, 2024); *Sonia D. A. v. Comm'r of Soc. Sec.*, No. 5:22-CV-0682 (LEK/DEP), 2023 WL 5611885, at *3 (N.D.N.Y. Aug. 3, 2023), *report and recommendation adopted*, 2023 WL 5610756 (N.D.N.Y. Aug. 30, 2023)).

Additionally, Magistrate Judge Lovric found that the ALJ failed to properly evaluate the available medical opinion evidence. *See* Dkt. No. 29 at 16-21. An ALJ must determine whether "a treating physician's opinion . . . is entitled to controlling weight," or else "explicitly consider" the nonexclusive factors established in *Burgess v. Astrue*" in determining what weight it is due. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (citing *Burgess v. Astrue*, 537 F.3d 117 (2d

Cir. 2008)). Magistrate Judge Lovric noted that Dr. Rita Figueroa examined Plaintiff on June 30, 2023, which examination formed the basis of her opinion that he suffered a "marked limitation for walking and standing," should avoid ladders and unprotected heights due to his neuropathy, and had a "'moderate' limitation for kneeling, squatting, and crawling, and a 'mild to moderate' limitation for fine motor skills of his hands." Dkt. No. 29 at 16-17 (quoting Dkt. No. 10-10 at 575). Magistrate Judge Lovric found that the ALJ expressed doubts about the consistency and supportability of Dr. Figueroa's opinion without adequate explanation and in apparent reliance on his own lay assessment of Plaintiff's condition. *Id.* at 18-19.

Magistrate Judge Lovric further noted that Dr. Islam Hassan, who examined Plaintiff in September 2022, reached similar conclusions regarding Plaintiff's limitations. *Id.* at 19 (citing Dkt. No. 10-10 at 364-369). Magistrate Judge Lovric found that the ALJ failed to assess these findings and their consistency with Dr. Figueroa's opinion.

Magistrate Judge Lovric noted similar error in the ALJ's assessment of the opinions of non-examining state agency consultants Dr. I. Sinha and Dr. D. Miller. *Id.* at 19-20. Specifically, Magistrate Judge Lovric found that the ALJ accepted as "'wholly persuasive'" Dr. Sinha's and Dr. Miller's conclusions that Plaintiff had fewer limitations than Dr. Figueroa had identified, without reconciling the record evidence that neither Dr. Sinha nor Dr. Miller had access to Dr. Hassan's findings at the time of their opinions. *Id.* at 19-20 (quoting Dkt. No. 10-2 at 18). Magistrate Judge Lovric noted that while Dr. Sinha and Dr. Miller opined that Plaintiff could stand or walk for *six* hours during a workday, the ALJ found without explanation that Plaintiff could stand or walk for *four* hours each workday, and that he otherwise failed to affirmatively reconcile the medical opinions available on the record. *Id.* at 20. Magistrate Judge Lovric concluded that these errors

undermined the validity of the ALJ's decision, necessitating remand to allow him to adequately explain his RFC analysis.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

**B. The Motion to Substitute**

Plaintiff's mother, Virginia Davies, seeks substitution in this action. Dkt. No. 31. Ms. Davies' affirmation indicates that Plaintiff resided in her home prior to passing, had no children, and was never married. Dkt. No. 31-1 at 1. Plaintiff similarly had no estate to be probated or assets to be distributed at the time of his death. *Id.*

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party so long as (1) the claim of the deceased party is not extinguished, (2) the individual seeking to be substituted is a "proper party," and (3) the motion for substitution is made within 90 days of service of a statement noting the party's death. Fed. R. Civ. P. 25(a)(1).

The Suggestion of Death was filed on August 18, 2026, Dkt. No. 30, and Ms. Davies filed the Motion to Substitute the next day, Dkt. No. 31. The motion is therefore timely. The Court addresses the propriety of Ms. Davies' substitution with respect to Plaintiff's claims for disability insurance benefits and for supplemental security income benefits in turn.

**1. Disability Insurance Benefits**

Underpayments of disability insurance are paid to the "living person (or persons) in the highest order of priority" as established by 20 C.F.R. § 404.503(b). Ms. Davies is a proper successor under that regulation because Plaintiff was never married and had no children, and she is his surviving parent. *See* 20 C.F.R. § 404.503(b)(3). The Motion for Substitution is accordingly granted as to Plaintiff's disability insurance claim.

### 2. Social Security Income Benefits

Social security income underpayments are similarly distributed according to a schedule set by 20 C.F.R. § 416.542. However, that regulation provides that "[n]o benefits may be paid to the estate of any underpaid recipient . . . or to any other survivor other than" the recipient's surviving spouse or the natural or adoptive parent(s) of a recipient who was a disabled or blind child at the time the underpayment occurred. *Id.* at § 416.542(b)(3). The record indicates that Plaintiff was 42 years old at the time of his death, Dkt. No. 30-1, and was never married, Dkt. No. 31-1. His application for supplemental security income alleged that his disability began on January 1, 2015, when he was 31, Dkt. No. 1-1 at 5, and he accordingly was not a "disabled . . . child when [any] underpayment occurred," 20 C.F.R. § 416.542(b)(2). His claim for supplemental social security income thus extinguished upon his death. *Id.*; *see Hayley E. v. Comm'r of Soc. Sec.*, No. 6:22-CV-06530 CDH, 2026 WL 878778, at *1, n.1 (W.D.N.Y. Mar. 31, 2026) ("[A]n application for supplemental security income . . . extinguishes when a deceased individual was an adult and had no surviving spouse at the time of his death.") (internal citations and quotation marks omitted). The Motion for Substitution is accordingly denied as to Plaintiff's social security income claim.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Motion for Substitution, Dkt. No. 31, is **GRANTED** as to Plaintiff's claim for disability insurance benefits; and the Court further

**ORDERS** that the Motion for Substitution, Dkt. No. 31, is otherwise **DENIED**; and the Court further

**ORDERS** that the Report-Recommendation, Dkt. No. 29, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 20) is **DENIED**, and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge